IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. GILLILAND, SOUTHEASTERN IMAGING GROUP, LLC, | ) ) ) |
| Plaintiffs, | ) 2:05-cv-01059 ) |
| v. | ) |
| ANTHONY J. GERAMITA, JONATHAN K. HERGERT, | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are the MOTION OF DEFENDANT JONATHAN K. HERGERT FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST GEORGINE DEMARINO (*Document No. 48),* Plaintiffs' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND JOIN ADDITIONAL DEFENDANT *(Document No. 53)* and Plaintiffs' MOTION FOR CONSOLIDATION of Civil Action Nos. 05-1059 and 06-1353 *(Document No. 56).* The issues have been thoroughly briefed and are ripe for disposition. After considering the filings of the parties and the relevant legal authorities, all three motions will be denied.

Factual and Procedural Background

In May 2005, Main Medical Holdings, LLC, Mid Atlantic Imaging, Inc., and Main Medical Ventures (collectively, the "Main Medical Companies") abruptly ceased operations, thus spawning several legal actions. In the instant case (the "Gilliland Action"), Civil Action No. 05-1059, Plaintiffs assert violations of Pennsylvania securities law and common law based on

statements and omissions which allegedly induced plaintiffs to purchase $1.3 million of worthless stock. The Court has subject-matter jurisdiction over the Gilliland Action based on the diversity of citizenship of the parties.

Defendant Anthony Geramita, the founder and chief executive officer of the Main Medical Companies, is now deceased. Defendant Hergert and the law firm for which he works, Eckert Seamans Cherin & Mellott, LLC ("ESCM"), formerly served as legal counsel for the Main Medical Companies. Hergert also served as a manager and/or director of the Main Medical Companies. ESCM, whom Plaintiffs seek to add as a defendant, represents Hergert in this litigation. Georgine DeMarino, whom Hergert seeks to add as a third-party defendant, served as a manager and director of the Main Medical Companies. Karen Bray is a part owner of Main Medical Holdings, LLC.

In addition to the Gilliland Action, at least two other lawsuits involving these parties are pending. DeMarino and Bray filed a Praecipe for Summons in the Court of Common Pleas of Allegheny County (the "State Court Action") against Hergert and ESCM. On October 6, 2006, DeMarino filed a separate lawsuit in this Court, Civil Action No. 06-1353 (the "DeMarino Action"), which names Hergert and ESCM as defendants and alleges violations of federal and state securities laws and Pennsylvania common law.[1] DeMarino and Bray are represented by the same attorneys as the plaintiffs in the Gilliland Action.

---

[1] There is a related case, Civil Action No. 06-114, in which Hergert and Annette McPeek, who had been previously named as a defendant in the Gilliland Action, have asserted a bad faith claim for denial of insurance coverage against Travelers Casualty and Surety Company of America.

Legal Analysis

The pending motions require leave of court.  Plaintiffs seek to file a third amended complaint.  The time limits in Federal Rule of Civil Procedure 15 and the Case Management Order for amendment of pleadings as a matter of course have long since expired.  The deadlines in Federal Rule of Civil Procedure 14 and the Case Management Order for Hergert to file a third-party complaint as of right have also expired.  The parties have not consented to one another's motions.  Although Plaintiffs stated that they "do not object" to Hergert's effort to file a third-party complaint against DeMarino, Plaintiffs' purported consent was "subject to the caveats set forth herein" and Plaintiffs' response went on to articulate numerous objections.  Hergert has more explicitly opposed Plaintiffs' motion to amend.  Accordingly, the Court must determine whether "justice so requires" that the motions filed by each side be denied.

The Court issued a Case Management Order on January 23, 2006, which required the litigants to "move to add new parties by March 8, 2006."  The Case Management Order set a deadline for amending pleadings of July 21, 2006.  The deadline to add new parties was extended by agreement of the parties until June 8, 2006.  Document discovery and several depositions have already been taken.  On August 17, 2006, the Court amended the Case Management Order to require defendants to respond to the Second Amended Complaint on or before September 14, 2006 and to complete discovery by November 14, 2006.

　　　　1.　　　Hergert's Motion to File Third-Party Complaint vs. DeMarino

Third-party practice is governed by Federal Rule of Civil Procedure 14.  In contrast to Rule 13(a) (governing compulsory counterclaims), the decision whether to seek joinder of a

third-party defendant is optional. *See Fernandez v. Corporacion Insular de Seguros*, 79 F.3d 207, 210 (1st Cir. 1996). Pursuant to Rule 14(a), joinder of third parties may be sought "at any time," although leave of court is necessary unless the third-party complaint is filed within ten days of the original answer.

Hergert argues that his motion to add DeMarino was prompted by new causes of action based on his position as a manager and director of Main Medical Companies which were pleaded for the first time in Plaintiffs' Second Amended Complaint. Hergert contends that DeMarino, who also served as a manager and director of the Main Medical Companies, would be liable over to him for contribution or indemnification for any damages awarded to Plaintiffs in the Gilliland Action. Hergert further contends that DeMarino is directly liable to Plaintiffs. Although Hergert and DeMarino are both Pennsylvania citizens and the causes of action are based on state law, the Court could exercise supplemental jurisdiction over these claims. There may be some incremental increase in judicial economy in resolving the third-party claims as part of the Gilliland Action.

On the other hand, there are several compelling reasons to deny the motion. Initially, the motion is untimely. The Case Management Order required new parties to be added by June 2006. Hergert was well aware of DeMarino's role as a manager and director and he has not articulated a persuasive reason for failing to comply with the Court's deadline. Nor has Hergert filed a cross-claim against Geramita or his estate for contribution and indemnity due to Geramita's role as a manager and director. Adding DeMarino would delay resolution of Gilliland's claims, on which discovery is now scheduled to close in less than one month. The additional pleadings and discovery that would result from the claim against DeMarino, perhaps

including motions to disqualify counsel for both sides, would substantially extend the Gilliland Action. The pending motions filed by both sides appear to be motivated, at least in part, by gamesmanship intended to create potential conflicts of interest for opposing counsel. Moreover, Hergert's third-party claims against DeMarino need not be presented in this action. At least two other lawsuits are pending in which Hergert will have the opportunity to assert compulsory and/or permissive counterclaims against DeMarino. In summary, the Court is persuaded by Hergert's own argument that the state law claims between Hergert and DeMarino should not be litigated in the Gilliland Action. In his Reply Brief at 4, Hergert states that "[t]here is no reason why this action should be complicated by adding totally separate state law claims between DeMarino and Hergert." The Court agrees and will deny the motion to file a third-party complaint.

      2.      Motion for Leave to File Third Amended Complaint

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15. Rule 15(a) states that "leave shall be freely given when justice so requires." Plaintiffs seek to amend the Complaint, for a third time, to add a breach of fiduciary duty count against Hergert and to join ESCM as a defendant.

Plaintiffs contend that Hergert's deposition on July 25, 2006 disclosed that he was involved in Main Medical's business decisions and that his actions were fully within the scope of his work for ESCM. Plaintiffs explain that prior to this deposition, they lacked sufficient evidence to name ESCM as a defendant. Hergert counters that this information was available to Plaintiffs prior to August 15, 2006, when the Second Amended Complaint was filed. Hergert

further contends that, due to Geramita's death, he will be prejudiced in his ability to counter the new allegations. Although Hergert argues that the new claim against him is weak or possibly frivolous, he does not oppose amendment on the grounds of futility.

The Court is persuaded that leave to further amend should not be granted. The deadlines set forth in the Case Management Order have expired. Plaintiffs filed the Second Amended Complaint several weeks after Hergert's deposition and have not adequately explained why the proposed revisions were not included therein. Plaintiffs initially sought to join ESCM only in the event that the Court granted Defendants' motion to join DeMarino. *See* Plaintiff's Response to Hergert's Motion at 1-2. As noted above, it is difficult to avoid the impression that Plaintiffs' motion is motivated at least in part by the referenced gamesmanship to disqualify ESCM from acting as Hergert's counsel. Moreover, the addition of a new party would cause a new round of pleadings and additional discovery that would invariably result in a significant delay in resolution of this case. Accordingly, Plaintiffs' motion to file a third amended complaint will be denied.

3. Motion for Consolidation

Plaintiffs have filed a motion to consolidate the Gilliland Action (Civil Action No. 05-1059) and the DeMarino Action (Civil Action No. 06-1353) pursuant to Fed. R. Civ. P. 42. Defendants oppose consolidation as premature. Defendants assert that the DeMarino action will be the subject of motions to dismiss and that there may be additional third parties such that the Court is unable at this stage to evaluate whether or not there are sufficient overlapping questions of law or fact to warrant consolidation. Defendants further contend that the two actions are distinctly different. Defendants recognize that discovery in each action should be coordinated to

avoid duplication.

The Court is persuaded by the reasons set forth in Defendants' response. In addition, as noted above, the cases are on different timetables, with the imminent close of discovery in the Gilliland Action. The Court agrees that discovery should be coordinated to avoid duplication and instructs counsel to cooperate in preparing an appropriate stipulation to be filed in both actions. Accordingly, the Court will deny the motion to consolidate without prejudice.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID L. GILLILAND, SOUTHEASTERN IMAGING GROUP, LLC,** | ) ) ) 2:05-cv-01059 |
| **Plaintiffs,** | ) |
| v. | ) |
| **ANTHONY J. GERAMITA, JONATHAN K. HERGERT,** | ) ) ) |
| **Defendants.** | ) |

ORDER OF COURT

AND NOW, this 31st day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that MOTION OF DEFENDANT JONATHAN K. HERGERT FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST GEORGINE DEMARINO *(Document No. 48)* is **DENIED,** Plaintiffs' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND JOIN ADDITIONAL DEFENDANT *(Document No. 53)* is **DENIED** and Plaintiffs' MOTION FOR CONSOLIDATION of Civil Action Nos. 05-1059 and 06-1353 *(Document No. 56)* is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: David J. Berardinelli, Esquire
Email: berardinelli@dkyk.com
Gary L. Kaplan, Esquire
Email: kaplan@dkyk.com

Benjamin D Kerr, Esquire
Email: bdk@muslaw.com

William B. Mallin, Esquire
Email: wmallin@eckertseamans.com
John R. Kenrick, Esquire
Email: jkenrick@eckertseamans.com