**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID L. GILLILAND, SOUTHEASTERN** | ) | |
| **IMAGING GROUP, LLC,** | ) | |
| | ) | **2:05-cv-01059** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **JONATHAN K. HERGERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration and disposition is the MOTION TO COMPEL

PRODUCTION OF DOCUMENTS, TESTIMONY AND THINGS AGAINST DEFENDANT

HERGERT AND ECKERT SEAMANS CHERIN & MELLOTT *(Document No. 60)*.  The issues

have been thoroughly briefed and are ripe for disposition.  After considering the filings of the

parties and the relevant legal authorities, the motion will be granted in part and denied in part.


Factual and Procedural Background

In May 2005, Main Medical Holdings, LLC, Mid Atlantic Imaging, Inc., and Main

Medical Ventures (collectively, the "Main Medical Companies") abruptly ceased operations, thus

spawning several legal actions.  In the instant case (the "Gilliland Action"), Civil Action No. 05-

1059, Plaintiffs assert violations of Pennsylvania securities law and common law based on

statements and omissions which allegedly induced plaintiffs to purchase $1.3 million of

worthless stock.  The Court has subject-matter jurisdiction over the Gilliland Action based on the

diversity of citizenship of the parties.

Defendant Anthony Geramita, the founder and chief executive officer of the Main Medical Companies, is now deceased. Defendant Hergert and the law firm for which he works, Eckert Seamans Cherin & Mellott, LLC ("ESCM"), formerly served as legal counsel for the Main Medical Companies. Hergert also served as a manager and/or director of the Main Medical Companies. ESCM represents Hergert in this litigation. Effective March 1, 2005, Hergert's status at ECSM changed from an equity member of the partnership to a non-equity position.

Legal Analysis

The pending motion seeks wide-ranging information about ESCM's attorney compensation practices and procedures. Plaintiffs apparently seek support for a theory that Hergert breached a fiduciary duty allegedly owed to Plaintiffs in order to obtain a source of funds to be used to pay the Main Medical Companies' legal bills. Plaintiffs seek discovery into ESCM's compensation practices to attempt to show that a large uncollectible bill would have affected Hergert's personal compensation and/or standing in the firm.

Defendant Hergert has objected to such discovery, both in responses to document requests and in his deposition. Similar objections have been asserted by ESCM in the context of a subpoena duces tecum and an attempted deposition of a corporate designee. ESCM contends that information about its compensation practices is confidential and sensitive and is irrelevant to Plaintiffs' claims. ESCM agreed to produce a designee to testify that Hergert requested his change in status, the reasons Hergert gave, the date he first made the request and the effective date of the change in status. ESCM contends that the proposed discovery constitutes harassment.

2

The Court agrees with ESCM that a wide-ranging inquiry into ESCM's compensation practices is not warranted.  Only Hergert's individual compensation is arguably relevant to the issues at hand.  However, the Court agrees with Plaintiffs that ESCM's proposed proffer is too limited.  Plaintiffs are entitled to explore the relationship, if any, between Hergert's representation of Geramita, the Cosmetic Dermatology Network and/or the Main Medical Companies, fees billed/paid, and Hergert's individual compensation from ESCM and the circumstances surrounding his change to non-equity status.  Such discovery could include document requests and depositions of Hergert and an informed ESCM designee.   The Court expects counsel for both sides to cooperate in the implementation of this Memorandum Opinion and Order and in the resolution of any further discovery disputes.

An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID L. GILLILAND, SOUTHEASTERN IMAGING GROUP, LLC,** | ) | |
| | ) | |
| | ) | **2:05-cv-01059** |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **JONATHAN K. HERGERT,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 29th day of December, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiffs'

MOTION TO COMPEL PRODUCTION OF DOCUMENTS, TESTIMONY AND THINGS

AGAINST DEFENDANT HERGERT AND ECKERT SEAMANS CHERIN & MELLOTT

*(Document No. 60)* is **GRANTED IN PART AND DENIED IN PART** in accordance with the

foregoing Memorandum Opinion**.**

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     David J. Berardinelli, Esquire
        Email: berardinelli@dkyk.com
        Gary L. Kaplan, Esquire
        Email: kaplan@dkyk.com

        William B. Mallin, Esquire
        Email: wmallin@eckertseamans.com
        John R. Kenrick, Esquire
        Email: jkenrick@eckertseamans.com