# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. GILLILAND, and SOUTHEASTERN IMAGING GROUP, LLC | CIVIL ACTION NO.: |
| Plaintiffs, | 05-cv-1059-TFM |
| v. | |
| JONATHAN K. HERGERT | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT HERGERT'S MOTION TO AMEND THE MEMORANDUM OPINION AND ORDER DATED JULY 1, 2008, TO STATE THAT THE CRITERIA FOR INTERLOCUTORY APPLEAL ARE SATISFIED AND FOR STAY PENDING APPEAL**

Defendant Hergert's latest attempt to postpone trial in this action should be denied because (i) an appeal will not "materially advance the ultimate termination of the litigation," (ii) an appeal will not save either party litigation expenses and, in fact, will increase such litigation costs, and (iii) Plaintiffs have *not* belatedly made a claim under Section 1-501 of the Pennsylvania Securities Act – such a claim is expressly made in the Amended Complaint in this action filed in August 2006.

**I.  Defendant Hergert Fails to Meet the Criteria for Interlocutory Appeal Under 28 U.S.C. § 1292(b).**

The plain text of Section 28 U.S.C. § 1292(b) prevents Defendant Hergert's interlocutory appeal because he cannot meet the statute's specified requirements. By its clear terms, the statute permits an interlocutory appeal *only* when "an appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §

1292(b). As Defendant Hergert acknowledges, consideration of settlement possibilities, the potential length of a possibly avoidable trial, and similar matters inform whether an interlocutory appeal will "materially advance the ultimate termination of the litigation." Defendant's Brief in Support of Motion to Amend the Memorandum Order and Opinion Dated July 1, 2008 to State that the Criteria for Interlocutory Appeal Are Satisfied and for Stay Pending Appeal ("Brief") at 2. In this case, an interlocutory appeal will not further any of these or similar objectives.

First, this case has been ongoing for over three years. Unfortunately, no fruitful settlement discussions have ever occurred. Further, even if an appeal occurred and the Defendant were victorious – which Plaintiffs believe would not be the case – such a decision would not impact settlement positions as (1) the trial evidence would remain exactly the same and (2) all of Plaintiffs' six causes of action would remain visible in some form and their recoverable damages would remain the same. Simply, potential settlement possibilities have no relationship to the proposed appeal.

Second, other than prolonging this litigation,[1] an interlocutory appeal will have no effect on the potential length of or occurrence of the trial of this case: it will not shorten the trial's duration and it certainly will not eliminate the trial. Regardless of the outcome of any interlocutory appeal, Plaintiffs will conduct the same trial, with exactly the same witnesses, exhibits, experts, and order of proof, taking exactly the same amount of time. In other words, an interlocutory appeal will not "materially advance the ultimate termination of the litigation." *See, e.g., U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *Kapossy v. McGraw-Hill, Inc.,* 942 F. Supp. 996, 1004 (D.N.J. 1996);

---

[1] On June 18, 2008, the Court previously denied a prior motion for continuance by the Defendant. *See* Docket No. 139.

*SEC v. Penn Central Co.,* 450 F. Supp. 908, 918 (E.D. Pa. 1978) (denial of certification because resolution of legal issue concerning scienter would not dispose of action or hasten its conclusion); *In re Brand Name Prescription Drug Antitrust Litigation,* 878 F. Supp. 1078, 1082 (N.D. Ill. 1995) ("Thus, in cases such as the present one, where the pertinent question is relevant only to one of several claims, the courts have held that an immediate appeal will not materially advocate termination of the case, and interlocutory review should be denied."); *Savodnik v. Korvettes, Inc.,* 489 F. Supp. 1010, 1012 (E.D.N.Y. 1980) (same); *Gulino v. Bd. of Ed.,* 234 F. Supp.2d 324, 325 (S.D.N.Y. 2002).

To the contrary, permitting an additional (unnecessary) appeal will increase litigation costs, potentially precipitously. Such a result is directly contrary to the intent of § 1292(b). *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974); *Local 836 of United Auto. Aerospace and Agr. Implement Workers of America (UAW) v. Echlin, Inc.*, 670 F. Supp. 697, 708 (E.D. Mich. 1987) ("Certification under Section 1292(b) is intended only for exceptional cases where an intermediate appeal may avoid protracted and expensive litigation."); *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431, 433 (3d Cir. 1958); *International Union, United Auto. Aerospace and Agr. Implement Workers of America v. Midland Steel Products, Co.*, 771 F. Supp. 860, 862 (N.D. Ohio 1991); *Orson, Inc. v. Miramax Film Corp.,* 867 F. Supp. 319, 322 (E.D. Pa. 1994).[2] Simply put, instead of having a trial and a possible appeal in this matter, an interlocutory appeal will at most accomplish only an appeal, a trial, and a possible appeal. Moreover, Defendant Hergert's apparent fear of a second trial is mertiless as a justification for the proposed

---

[2] Defendant Hergert cites to *Katz* but the referenced sections concern the question whether an issue is a controlling question of law, not whether an appeal "may materially advance the ultimate termination of the litigation." *See Katz*, 496 F.2d at 755. Defendant's reliance on *Katz,* is, therefore, misplaced.

3

appeal. This case has no more potential for a second trial after appeal than any other "complicated" trial. That a second trial may occur is not a basis for an interlocutory appeal. *Lorentz v. Westinghouse Elec. Corp.*, 472 F. Supp. 954, 956 (W.D. Pa. 1979).

Lastly, and compellingly, with use of a proper verdict form, and depending on the jury's verdict regarding § 501, the instant proposed appeal may be mooted. Simply, should Plaintiffs lose on its §501 claims under the Pennsylvania Securities Act, then Defendant Hergert's purported fears and concerns evaporate. Moreover, should Defendant Hergert be found liable under Section 1-401 of the Pennsylvania Securities Act, then Plaintiffs will have proved scienter, justifiable reliance, and loss causation, again rendering Defendant Hergert's purported concerns moot. Allowing an interlocutory appeal in such a situation would waste, not save, time and resources. *See Katz, supra*; *Foster v. Maldonado*, 433 F.2d 348 (3d Cir. 1970); *Edwards v. Nat. Audubon Society, Inc.,* 411 F. Supp. 744, 747 (S.D.N.Y. 1976) (denying certification because trial would occur before Court of Appeals would hear issue and because trial might moot issue); *Marrero v. Banco di Roma,* 487 F. Supp. 568, 579 n.16 (E.D. La. 1980). For all of the above reasons, Defendant Hergert cannot satisfy the prerequisites required under 28 U.S.C. § 1292(b) and his Motion should be swiftly denied. Plaintiffs have waited three years to have their day in court. It is time for them to have it.

**II.     The Plain Meaning of 70 P.S. § 1-501 Supports the Court's Order**

Despite his protestations, Defendant Hergert cannot avoid, and therefore tries to ignore, the plain meaning of Section 501. It states:

> Any person who … offers or sells a security in violation of
> sections 401, 403, 404 ***or*** otherwise by means of any untrue
> statement of a material fact or any omission to state a material fact
> necessary in order to make the statements made, in the light of the

circumstances under which they are made, not misleading … ***and who does not sustain the burden of proof*** that he did not know and in the exercise of reasonable care could not have known of the untruth or omission, shall be liable . . . .

70 P.S. § 1-501 (emphasis added).

Plaintiffs and the Court have not engaged in some gross misreading of the statute or inventive statutory construction. On its face, as properly interpreted by the Court, Section 501 provides for separate causes of action under Sections 401 and 501, and there is no other way to read the statute. This fact alone, regardless of possible conflicting decisions from sister courts, is sufficient to deny the requested appeal. *Singh v. Daimler-Benz, AG,* 800 F. Supp. 260 (E.D. Pa. 1992), *aff'd* 9 F.3d 303 (3d Cir. 1993). To adopt Defendant Hergert's apparent logic, the burden of proof that Section 501 foists on the Defendant to show that "he did not know" creates a burden on the Plaintiff to prove that the Defendant did know (*i.e.,* scienter). Such a contorted reading of the statute is contrary to good sense and basic logic. Further, to read Section 501 as simply allowing for only a Section 401 claim would render the language in the statute "or otherwise by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading … ***and who does not sustain the burden of proof*** that he did not know and in the exercise of reasonable care could not have known of the untruth or omission, shall be liable . . . ." meaningless. Such a reading violates the well-established rule of statutory construction that a statute should be read "to avoid a result that would render statutory language superfluous, meaningless, or irrelevant." *Cushman*

*v. Trans Union Corp.,* 115 F.3d 220, 225 (3d Cir. 1997) (citations omitted).[3] No amount of legal maneuvering or posturing changes the plain meaning of the text and, therefore, it is not surprising that Defendant Hergert never once attempts to parse or explicate the statute's plain meaning, despite devoting eleven pages to discussing apparently how badly the Court misreads of the statute. While Defendant may have misread the plain language of the statute, such a misreading and any tactical decisions made upon it do not justify an interlocutory appeal.

Moreover, having separate bases of liability is consistent with both federal and state law. Section 401 tracks the 10b-5 standard of liability and Section 501 tracks Section 12(2) liability under the 1933 Act. That Pennsylvania provided for various private causes of action with different elements of liability is perfectly consistent with federal law, the Uniform Securities Act of 1956, and state law. Thus, Hergert's claim that 70 P.S. § 1-703(c) creates confusion in the state of the law has no merit. Rather, the dual reference to federal law and the Uniform Act comports with the breadth of the various claims that can be brought under Section 501.

### III. Plaintiffs Have Asserted Claims under Section 501(a) That Do Not Require Proof of Scienter or Justifiable Reliance Since the Beginning of this Case

Contrary to Defendant Hergert's assertion that, in their motion in limine Plaintiffs "for the very first time since commencing this litigation" contended that securities law claims do not require proof of scienter or reliance (Brief, p.6), Plaintiffs have asserted such claims from the beginning of this action or, at the latest, the filing of the Amended

---

[3] None of the cases cited by Defendant at page 7 of the Motion expressly considered the present issue; namely whether § 501 encompasses both a cause of action for a violation of § 401 and a separate § 501 cause of action unrelated to § 401.

Complaint in August 2006.[4] Thus, Counts I and IV of the Second Amended Complaint each specify the following elements of their cause of action:

1. That each Note is a security, as defined in the Act. See Amended Complaint, ¶¶ 107, 122.
2. That Defendants were sellers of those securities. See Amended Complaint, ¶¶ 108, 203.
3. That Defendants' untrue statements, misleading omission, device, scheme and/or artifice caused Plaintiffs to purchase the respective securities. Amended Complaint, ¶¶ 109, 124.
4. The Defendants knew or should have known of the misrepresentations, etc. Amended Complaint, ¶¶ 110, 125.[5]
5. That Defendant's actions caused damages of at least the principal amount of the respective Note, plus interest. Amended Complaint, ¶¶ 111,129.

These elements of a Section 501 cause of action were asserted in August 2006. Defendants' unfounded attempt to claim they were only recently injected into the case must be rejected. While the defense may not have appreciated this claim, it speaks for itself and tracks the express language of the statute.[6]

Similarly, in seeking partial summary judgment in this action, Plaintiffs moved as follows:

> 2. As a matter of law, based on the record in this matter, Defendant Hergert is subject to both primary liability under Section 501 of the Act as a "seller" of the covered securities and secondary liability under Section 503 as an individual who "materially aid[ed] in the act or transaction constituting the violation [of the Pennsylvania Securities Act].
>
> 3. Because, as a matter of law, based on the undisputed record, Hergert was a "seller" of securities and "materially aided" a seller,

---

[4] Tellingly, Defendant did not raise any of the instant arguments about untimeliness, prejudice or surprise in his motion in limine response.
[5] The allegations in these paragraphs are aimed at the affirmative defense incorporated in the relevant section of 70 P.S. § 1-501.
[6] Moreover, under the Federal Rules liberal notice pleading, references to the applicable statutory provisions, as is done in the Amended Complaint, should be read as an assertion of any and all claims covered by the referenced statutes. See Fed. R. Civ. Proc. 8.

7

> summary judgment is appropriate if the record conclusively shows that Hergert, the company he managed, or his "affiliate," made "untrue statement[s] of … material fact or [omitted] to state [] material fact[s] necessary in order to make the statements made, in light of the circumstances under which they [were] made, not misleading." 70 P.S. § 1-501(a).

This was a motion under Section 501. Plaintiffs did **not** seek findings that Defendant Hergert acted with scienter or that Plaintiffs reasonably relied upon his misconduct, since neither requirement is an element of their claims under Section 501(a) (or section 12(2) of the Securities Act of 1934 upon which it is based). *See* Memorandum in Support of Motion for Partial Summary Judgment, August 13, 2007, at 22, et. seq. ("Summary judgment is appropriate if the record conclusively shows that Hergert, the company he managed, or his "affiliate," made "untrue statement[s] of [] material fact or [omitted] to state [] material fact[s] necessary in order to make the statements made, in light of the circumstances under which they [were] made, not misleading." 70 P.S. § 1-501(a).). [7]

Further, while the Defendant attempts to create a conflict before the Court's November 15, 2007 Summary Judgment Memorandum and Order and the Court's July 1, 2008 Memorandum and Order, no such conflict exists. While the Court did cite to *Sunquest v. Information Systems, Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp.2d 644, 659 (W.D. Pa. 1999) and the 10b-5 standard in its November ruling, this citation was in

---

[7] The only references to scienter and justifiable reliance in Plaintiffs' motion for partial summary judgment were in footnotes to their supporting memorandum for the purpose of explaining the history and differences between the standards of liability under Federal Rule 10b-5 and the Exchange Act of 1934, which, since *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), does not allow for causes of action based upon aiding and abetting, and Section 503 of the Pennsylvania Securities Act which, following the Securities Act of 1933, provides for vicarious liability under standards akin to strict liability. *See*, Memorandum in Support of Motion for Partial Summary Judgment, August 13, 2007, at 18-22, n. 27, 28.

what amounts to a background section and was not a dispositive legal ruling that had a bearing on the legal determinations made by the Court. To the contrary, the Court's opinion decided (1) the issue of whether the respective Notes were securities (deciding as a matter of law that the August 16 Note was and that fact issues precluded summary judgment as to the December 17 Note on this issue) and (2) whether Hergert was a "seller" of either Note (deciding that fact issues precluded summary judgment on this issue).[8] The Court was not called on or required to discuss Section 501 standards in its summary judgment ruling and made no such determination.

Simply, the issue that Defendant Hergert now complains of has been asserted by Plaintiffs in this case since day one. Ten days before trial – in a case filed over three years ago – the Defendant should not be permitted to delay this case by asserting unsupported, belated claims of prejudice.

Respectfully submitted,

Dated: July 10, 2008

s/ David J. Berardinelli
Gary L. Kaplan, Pa. I.D. No. 75524
David J. Berardinelli, Pa. I.D. No. 79204
David H. Cook, Pa. I.D. No. 201059
DeFOREST KOSCELNIK YOKITIS
KAPLAN & BERARDINELLI
Koppers Building, 30th Floor
Pittsburgh, PA 15219
Telephone: 412-227-3100
Facsimile: 412-227-3130

Counsel for Plaintiffs

---

[8] "Seller" status is an element under a Section 12(2) claim (similar to Section 501), not a 10b-5 claim. Defendant Hergert, himself, raised the issue of "seller" status on summary judgment. This fact at least implicitly acknowledges the potential applicability of Section 12(2) standards to this case.